IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**IN THE MATTER OF COOPER MARINE**            **PETITIONER**
**& TIMBERLANDS CORP., as owner** *pro*
*hac vice* **and operator of the Barge Big 505,**
**Official No. 1100343**            **NO. 1:20-CV-191-DMB-DAS**

## ORDER

In the effort to limit its liability for an accident involving one of its vessels, Cooper Marine & Timberlands Corporation seeks a default judgment against all potential claimants who have failed to file claims by the relevant deadline. Because there has been no preceding entry of default, the motion for default judgment will be denied.

## I
## Procedural History

On March 20, 2020, Cooper Marine & Timberlands Corporation ("CMT") filed a "Complaint for Exoneration from or Limitation of Liability" in the United States District Court for the Southern District of Alabama. Doc. #1. CMT seeks a "decree exonerating it from liability" or a limitation of its liability under 46 U.S.C. § 30511 for damages allegedly caused when its Barge BIG 505 broke away from an eight-barge tow and drifted down the Tennessee Tombigbee Waterway. *Id.* at 2–3. United States District Judge Terry F. Moorer ordered that a "notice shall be issued … to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation admonishing them to file their respective claims with the Clerk of Court in writing … on or before the 5th day of June, 2020, or be defaulted." Doc. #2 at 2. The order also required that the notice be published in two specific newspapers "once a week for four successive weeks prior to the date fixed for the filing of the claims." *Id.*

On June 5, 2020, the City of Columbus, Mississippi, filed an answer to the complaint, Doc. #3, and a claim against CMT alleging that "the BIG 505 barge … struck and damaged [the] City's bridge," Doc. #4. After no other claims were filed, CMT filed on July 31, 2020, a motion requesting that "a default judgment be entered against all persons who have not filed claims herein, barring such potential claimants and/or future claims." Doc. #13. CMT also filed a notice of publication indicating that the required notice was advertised in the proper newspapers. Doc. #12.

On August 27, 2020, Cameron Lawrence moved for leave to file an "out of time" claim. Doc. #18. After receiving leave,[1] Lawrence filed on September 3, 2020, an answer to the complaint, Doc. #23, and a claim against CMT alleging that "the Barge BIG 505 broke from its tow, and allided with a dock owned by Lawrence," Doc. #24. On the joint motion of CMT, the City, and Lawrence,[2] Judge Moorer transferred the case to the United States District Court for the Northern District of Mississippi. Doc. #26.

## II
## Analysis

"The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30511(a). "The procedure for a limitation action is … found in Supplemental Admiralty and Maritime Claims Rule F." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). "Under Supplemental Admiralty Rule F, after the court orders notice to be issued to all potential claimants regarding the vessel owner's complaint …, the claimants must file and serve their claims by the date specified in the notice." *In re Cangiano*, 411 F. Supp. 3d 234, 240 (D. Conn. 2019). After the deadline set by the court has passed, as long as the vessel owner complied with the notice requirements of Rule F and any court order, an entry of default

---

[1] Doc. #22.

[2] Doc. #25.

against all parties failing to file claims is warranted. *See id.* at 242–43 ("The deadline expired and no claims and/or Answers were filed. Accordingly, in this proceeding, all parties who may seek to claim damages for any and all losses and/or injuries arising out of, occasioned or occurring from the Incident onboard the Vessel … are in default."); *In re Pac. Mar. Freight, Inc.*, 316 F. Supp. 3d 1214, 1218 (S.D. Cal. 2018) ("At this time, all non-appearing claimants have 'failed to plead or otherwise defend' in the present action, and therefore entry of default is appropriate under Federal Rule of Civil Procedure 55(a)."). However, an entry of default "raises no protectable expectation that a default judgment will follow." *In re Columbia Leasing L.L.C.*, 981 F. Supp. 2d 490, 492–94 (E.D. Va. 2013) (among other things, granting default judgment after the clerk first "entered default against '[a]ll parties failing to file a claim'" by deadline set in action seeking "exoneration from or limitation of liability" regarding barge accident). An entry of default simply bars additional claimants from filing claims or an answer against the vessel owner without obtaining leave of the court. *In re Cangiano*, 411 F. Supp. 3d at 243.

CMT moves "pursuant to Rule 55 of the Federal Rules of Civil Procedure, … for a judgment of default with respect to any person and/or entity who has not heretofore asserted a claim." Doc. #14 at 2–3. Rule 55[3] grants federal courts "authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM*

---

[3] "Rule A of [the Supplemental Rules] provides that the Rules of Civil Procedure … are applicable to the extent that they are not inconsistent with the Supplemental Rules. There is nothing in the Supplemental Rules regarding default, so Fed. R. Civ. P. 55 is properly consulted for guidance." *United States v. Various Articles of Obscene Merch., Schedule No. 1769*, 600 F.2d 394, 398 (2d Cir. 1979); *see In re Pac. Mar. Freight, Inc.*, 316 F. Supp. 3d 1214, 1218 (S.D. Cal. 2018) (applying Rule 55(a) to non-appearing claimants in a limitation action).

*Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)) (emphases omitted). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise." *Brown*, 84 F.3d at 141.

Here, both CMT's motion and the accompanying memorandum seek a default judgment. However, because there has been no entry of default entered by the Clerk, entry of a default judgment would be improper. Accordingly, the request for a default judgment will be denied.

### III
### Conclusion

CMT's "Motion for Entry of Default Judgment" [13] is **DENIED**.

**SO ORDERED**, this 20th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

4