IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

IN THE MATTER OF COOPER  PETITIONER
MARINE & TIMBERLANDS CORP.,
as owner *pro hac vice* and operator of
the Barge Big 505, Official No. 1100343  NO. 1:20-CV-191-DMB-DAS

## ORDER

On August 23, 2021, Cooper Marine & Timberlands Corporation; Max Marine, LLC; the City of Columbus, Mississippi; and Cameron Lawrence filed a "Joint Motion to Consolidate" asking that this action be consolidated with another case pending in this district, *In the Matter of the Complaint of Max Marine LLC*, No. 1:21-cv-56-SA-DAS. Doc. #51. As grounds, the parties represent:

> These two limitation of liability lawsuits arise from a single occurrence, namely, the attempts by the crews of the [Cooper Marine] and Max Marine tugboats to remove the [Cooper Marine] barges from the upper mouth of the Tombigbee Waterway a short distance above the City of Columbus, Mississippi.
>
> During the course of these attempts, a [Cooper Marine] barge became adrift in the Tombigbee River drifted downriver, allegedly striking and damaging the walkway and floating dock of Claimant Cameron Lawrence and the pedestrian bridge of Claimant City of Columbus.
>
> The nature of the claims of Claimants in both actions involve common questions of law or fact in that they arise from the same conduct of the crews of the [Cooper Marine] and Marine Max tugboats.
>
> Judicial economy will be served and duplication of time and effort by the Court and the parties will be avoided by having all claims and defenses resolved in one consolidated action.

Doc. #52 at 3 (paragraph numbering omitted).

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." "District courts enjoy

substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

This case and *Max Marine* involve common questions of law and fact. Both cases involve owners of vessels seeking to limit their liability for damages arising from the same accident. *See Tex. Dep't of Trans. v. Canal Barge Co., Inc.*, No. 4:20-CV-868, 2020 WL 4335787, at *3 (S.D. Tex. July 28, 2020) ("A number of courts have consolidated limitation actions with related cases in an effort to streamline proceedings and avoid piecemeal litigation.") (collecting cases). The Court thus finds that consolidation is warranted. Accordingly, the joint motion to consolidate [51] is **GRANTED**. Specifically,

1. This case (1:20-cv-191) and the *Max Marine* case (1:21-cv-56) are **CONSOLIDATED** until further order of the Court.

2. In accordance with Local Rule 42, this case (1:20-cv-191) is designated as the lead case, and the consolidated cases will proceed before the undersigned district judge.

3. All documents in the consolidated cases, including this order, shall be filed in the lead case and spread on the docket of the related case in the Court's electronic case management system, unless the Court directs otherwise.

4. The caption of all documents filed in the lead case shall indicate first the caption of this case, followed by the caption in the *Max Marine* case. The words "consolidated with" must appear directly under the caption of this case.

**SO ORDERED**, this 8th day of September, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

2