**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**COOPER MARINE & TIMBERLANDS CORPORATION**
As Owner Pro Hac Vice and operator of the
Barge, GIG 505, Official No. 1100343
**Praying for Exoneration from or Limitation**
**of Liability**                                                                                                    **PETITIONER**

V.                                                          CIVIL ACTION NO.1:20-CV-191-DMB-DAS

**CITY OF COLUMBUS and**
**CAMERON LAWRENCE**                                                                **CLAIMANTS**

**CONSOLIDATED WITH**

IN THE MATTER OF:

THE COMPLAINT OF MAX MARINE, LLC
AS OWNER PRO HAC VICE AND OPERATOR
OF THE M/V CROWN JEWEL            CIVIL ACTION NO. 1:21-56-DMB-DAS

**ORDER**

This matter came before the court for a status conference regarding discovery disputes and scheduling issues in this consolidated matter.

The City of Columbus complains Cooper Marine repeatedly objected to its requests for admissions on various grounds before proceeding to make factual admissions. The city argues the objections defeat the cost-saving purposes of requests for admission and make the admissions unusable. Cooper Marine counters its objections serve to preserve its right to object to the admission into evidence of its factual admissions such as admissions about concerning agreements. The city responded by arguing that the objections were not necessary to preserve

evidentiary objections at trial and offered to stipulate that evidentiary objections would not be waived.

Because all parties may use admissions within this lawsuit, the city's proffered stipulation will not completely address Cooper Marine's concerns. After considering them, the court finds no impropriety with Cooper Marine's objections to reserve its right to raise evidentiary objections if any facts admitted are offered into evidence.

Next, the City of Columbus complains Cooper Marine repeatedly rephrased its requests for admissions in its responses, arguing that Cooper Marine must admit or deny its requests as worded and propounded. Cooper Marine responded that its rephrasing of the requests in its response is necessary to comply with Rule 36(a)(4). The responses admitted and denied parts of requested admissions. It, therefore, needed to restate matters admitted and as required by the rule provide explanations for matters it was not admitting. The court finds, generally, where only a portion of a request is admitted, some rewording of matters requested may be unavoidable and appropriate.

What the court did not do during the status conference is an objection-by-objection or response-by-response review for each of the requests for admission. Therefore, the plaintiff is not prohibited by this order from filing a detailed motion to compel or for other relief, with accompanying brief, regarding the propriety of any specific response to the request for admissions. Hopefully, the parties do not interpret the preceding language as a suggestion. The court only wants to make clear neither party is prohibited by this order from doing so.

The parties also dispute the propriety of entry of a protective order. Counsel for the City of Columbus conceded that he had agreed to entry of a protective order with counsel for Cooper Marine. This agreement in early 2021 was simply later forgotten. But counsel argued, while a

protective order was appropriate per that agreement for documents produced by Cooper Marine in the fall of 2021, good cause had not been shown for any prospective protective order. Cooper Marine's counsel responded he anticipated that the agreed protective order would apply prospectively throughout this litigation. He pointed out that documents already produced had included personnel records and multiple contracts with its customers, including one that expressly prohibited it from disclosing the agreement. Counsel anticipates that similarly sensitive documents are likely to be requested and produced as this matter proceeds. The court finds that good cause exists for the entry of a protective order in this action. The parties are directed to confer with one another to see if they can agree on the language for a protective order.

The parties disagree about which parties should be considered the plaintiffs or defendants for the purposes of designations of experts. Having heard the argument of the parties, the court finds that the claimants should be considered the plaintiffs in this matter as they must prove negligence and damages to prevail.

Finally the parties agree that the deadlines for designation of experts should be extended. The court grants the request for extension. The claimant/plaintiffs must designate experts not later than August 25, 2022. The defendant/petitioners must designate experts not later than September 22, 2022.

**SO ORDERED** this the 9th day of May, 2022.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**